Approved: _____
NI QIAN
Assistant United States Attorney

Before:   HONORABLE STEWART D. AARON
          Chief United States Magistrate Judge
          Southern District of New York

------------------------------------x
                                    :   **21 MAG 3771**
UNITED STATES OF AMERICA            :
                                    :   COMPLAINT
          - v. -                    :
                                    :   Violation of 21 U.S.C.
                                    :   § 846
JAMIE A.D. SCOTT,                   :
                                    :   COUNTY OF OFFENSE
                                    :   NEW YORK
                                    :
          Defendant.                :
------------------------------------x

STATE OF NEW YORK           ) ss:
SOUTHERN DISTRICT OF NEW YORK )

     TODD ROSKOSKY, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

### COUNT ONE
(Narcotics Conspiracy)

    1. In or about April 2021, in the Southern District of New York and elsewhere, JAMIE A.D. SCOTT, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

    2. It was a part and an object of the conspiracy that JAMIE A.D. SCOTT, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

    3. The controlled substance that JAMIE A.D. SCOTT, the defendant, conspired to distribute and possess with intent to distribute was one kilogram and more of mixtures and substances

containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

        (Title 21, United States Code, Section 846.)

        The bases for my knowledge and for the foregoing charge are, in part, as follows:

    4. I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

    5. Based on my participation in this investigation, including my review of law enforcement reports and records, and my conversations with other law enforcement officers, including an undercover officer ("UC-1"), and my review of recorded phone calls and in-person meetings discussed below, I have learned, in substance and in part, the following:

        a. On or about April 5, 2021, in the evening UC-1 called an individual ("CC-1"). During this recorded phone call, CC-1 told UC-1, in sum and substance, that CC-1 was on his way to New York City to meet UC-1, that he was bringing six "girls" with him but that his boss told him to meet with another individual the following morning for another two. Based on my training and experience and my participation in this investigation, I understand each "girl" to represent a kilogram of narcotics.

        b. On or about April 6, 2021 at approximately 11:14 a.m., UC-1 called CC-1. During this recorded phone call, CC-1 told UC-1, in sum and substance, that he has six girls with him and that he was supposed to get two more from another individual in Manhattan, New York, but that he was still waiting to meet with this individual.

        c. Approximately an hour later, at around 12:14 p.m. CC-1 sent a text message to UC-1 with an address in Manhattan ("Address-1"). Shortly after this text message, CC-1 called UC-

1 and, in this recorded phone message, told UC-1, in sum and substance, to meet at Address-1 in ten minutes.

   d. At approximately 1:10 p.m., CC-1 and another individual, later identified as JAMIE A.D. SCOTT, the defendant, called UC-1 and, during this recorded phone call, told UC-1, in sum and substance, to meet them at another location in Manhattan ("Address-2").

   e. At approximately 1:33 p.m., UC-1 received a phone call from SCOTT. During this recorded phone call, SCOTT told UC-1, in sum and substance, to meet SCOTT at a street intersection ("Meeting Location-1") in the vicinity of Address-2, and that SCOTT was wearing a blue jacket and a baseball hat.

   f. At approximately 1:34 p.m., UC-1 arrived at Meeting Location-1. Law enforcement officers conducting surveillance nearby observed SCOTT walk to Meeting Location-1 and enter a pizzeria. UC-1 called SCOTT and told SCOTT in this recorded phone conversation, in sum and substance, that he was at Meeting Location-1. SCOTT told and UC-1, in sum and substance, that he was in the pizzeria. UC-1 then told SCOTT, in sum and substance, to come out and enter UC-1's vehicle. After this phone call, law enforcement officers observed SCOTT enter UC-1's vehicle.

   g. During the recorded meeting between SCOTT and UC-1 in UC-1's vehicle, SCOTT told UC-1, in sum and substance, that he was there to drop off the packages and that UC-1 will need to speak to SCOTT's boss to discuss the price. SCOTT then instructed UC-1, in sum and substance, to drive his vehicle approximately an avenue away from Meeting Location-1, and to stop across the street from a residential building ("Building-1").

   h. Law enforcement officers conducting surveillance observed SCOTT exit UC-1's vehicle and enter Building-1. Shortly thereafter, law enforcement officers observed SCOTT exit Building-1 with a duffel bag ("Duffel Bag-1") and enter UC-1's vehicle with Duffel Bag-1. Inside UC-1's vehicle, SCOTT showed UC-1 what appeared to be eight packages inside Duffel Bag-1. At that point, law enforcement officers placed SCOTT under arrest.

   i. Law enforcement officers field tested the substance inside two of the eight packages found in Duffel Bag-1, and the substance tested positive for heroin. The eight packages weigh over seven kilograms altogether.

3

    j. After SCOTT was advised of his *Miranda* rights, SCOTT told law enforcement officers that he had access to a vacant apartment ("Apartment-1") in Building-1 and to a storage closet ("Storage Closet-1") in the basement of Building-1. SCOTT gave law enforcement officers consent to search Apartment-1 and Storage Closet-1. Inside Apartment-1, law enforcement officers observed an empty carry-on suitcase. Inside Storage Closet-1, law enforcement officers recovered a kilogram press, packaging material, several pounds of marijuana, and several small plastic wrapped packages containing a white powdery substance, which, based on my training and experience, I believe are likely samples of narcotics.

    WHEREFORE, I respectfully request that JAMIE A.D. SCOTT, the defendant, be imprisoned or bailed, as the case may be.

           /s/ Todd Roskosky
           _____
           TODD ROSKOSKY
           Special Agent
           Drug Enforcement Administration

Sworn to me by telephone this
7th Day of April, 2021

_____
THE HONORABLE STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK